IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN S., | ) |
| | ) No. 21 C 1554 |
| Plaintiff, | ) |
| | ) Magistrate Judge M. David Weisman |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Brian S. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

## Background

On April 2, 2018, plaintiff applied for benefits, alleging an amended disability onset date of November 22, 2017. (R. 107-08.) His application was denied initially, on reconsideration, and after a hearing. (R. 118, 133, 137-50.) Plaintiff appealed to the Appeals Council, which remanded the application to the ALJ for further consideration of the evidence. (R. 158-59.) Upon remand, the ALJ held a second hearing and again denied plaintiff's claim. (R. 16-29, 37-64.) Plaintiff appealed to the Appeals Council, which declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "'[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. (R. 22.) At step two, the ALJ found that plaintiff has the severe impairments of degenerative disc disease, chronic obstructive pulmonary disease, chronic lymphocytic leukemia, and obesity. (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the RFC to perform light work with certain

exceptions. (R. 22-27.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 28-29.)

Plaintiff argues that the ALJ failed to properly evaluate the opinion of physical therapist Matt Klebenow, which was adopted by Dr. Gordon.[1] Klebenow said, among other things, that plaintiff can sit for fifteen minutes, can stand for fifteen minutes before needing to change positions, and can walk for 300 feet before needing to stop because of pain. (R. 1150.) The ALJ was not persuaded by Klebenow's "one-time evaluation" and said, "the gait description and cane use are inconsistent with treatment records both before and after the date of [Klebenow's] evaluation." (R. 27 (citing R. 1327 (3/15/19 exam note stating that plaintiff was "ambulating without difficulty"); R. 1331, 1333, 1335, 1342, 1344, 1346 (exam notes dated 12/4/18, 2/1/19, 4/25/19, 5/14/20, 12/6/19, 8/2/19 stating that plaintiff complained of joint pains but is doing well); R. 1363 (5/28/19 exam note stating that plaintiff was ambulating without difficulty)).) Plaintiff contends that the ALJ's analysis is infirm because there is other medical evidence that is consistent with Klebenow's position. However, "[w]e will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus*, 994 F.3d at 900. Such is the case here. Thus, the ALJ's evaluation of Klebenow's report is not a basis for remand.

Plaintiff also takes issue with the ALJ's symptom analysis. The ALJ said:

> The claimant testified that he is unable to work due to back pain (Hearing). He stated that due to his back pain he is unable to stand for long. The claimant noted that he takes daily medications for pain and receives treatment from pain management. However, the claimant stated that his medications are only effective for a little while before the pain returns. He also indicated that his medications cause him to feel tired

---

[1] Plaintiff takes issue with the ALJ's failure to "mention or discuss the functional capacity questionnaire submitted by Dr. Kevin Gordon." (ECF 19 at 8.) Because that questionnaire simply adopted Klebenow's report, which the ALJ did discuss, her failure to separately address the questionnaire is not a basis for remand. (*See* R. 1153 (In the section of the questionnaire asking the doctor to identify the clinical findings that establish plaintiff's medical impairments, he referred the reader to Klebenow's report).)

>and fatigued. The claimant alleged that he has to take pain medication just to walk to the mailbox. The claimant also stated that while he lives alone, his sister assists him with household tasks such as cleaning and grocery shopping. However, the claimant acknowledged that he is able to drive . . . .
>
>. . . .
>
>As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent with [sic] overall record because a review of the claimant's course and pattern of care shows that while he presented regularly with complaints of back pain, treatment was relatively conservative and largely consisted of taking prescribed medications, undergoing physical therapy, and receiving steroid injections. In addition, while not all physical examinations were normal, many were. Furthermore, during the period that the claimant alleged disability, he was able to perform some activities of daily living. While no one factor cited above is dispositive, and each perhaps on its own does not establish anything conclusively, the totality of the facts and circumstances cited above made it difficult to rely heavily on the claimant's subjective complaints. . . . .

(R. 23.)

Plaintiff contends that this symptom evaluation does not comply with the governing regulation, which requires that an ALJ's decision "contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the [claimant's] symptoms." SSR 16-3P, 2017 WL 5180304, at *10 (Oct. 25, 2017). The Court "will overturn an ALJ's decision to discredit a claimant's alleged symptoms only if the decision . . . lacks explanation or support." *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017).

The ALJ gave three reasons for discounting plaintiff's complaints of pain: (1) he received conservative treatment; (2) some of his physical exams were "normal;" and (3) he was able to perform some activities of daily living. (R. 23.) The ALJ explains what she means by relatively conservative treatment—physical therapy, pain medication, and steroid injections. It is not clear, however, which physical exams she deems "normal" or which activities of daily living she believes undermine plaintiff's symptom allegations. Moreover, because the ALJ expressly stated that her

4

analysis was based on "the totality of the facts and circumstances," because no single factor alone "establish[ed] anything conclusively," her failure to connect two out of three factors to the record evidence dooms her assessment. Accordingly, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the ALJ's decision, and pursuant to the fourth sentence of 42 U.S.C. § 405(g), remands this case to the Acting Commissioner for further proceedings.

**SO ORDERED.**     **ENTERED: July 27, 2022**

**M. David Weisman**
**United States Magistrate Judge**